IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SULIMAN ALI, | : | |
|     Plaintiff | : | No. 1:20-cv-01462 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| MR. RIVELLO, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

On August 18, 2020, pro se Plaintiff Suliman Ali ("Ali"), who is currently incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI Huntingdon"), initiated the above-captioned case by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Superintendent K. Kauffman ("Kauffman") and Superintendent's Assistant and Grievance Coordinator Connie Green ("Green").  (Doc. No. 1.)  On September 2, 2021, the Court granted the Defendants' motion to dismiss and granted Ali leave to file an amended complaint.  (Doc. Nos. 15-16.)  Ali filed an amended complaint on October 6, 2021, which no longer names Kauffman and Green as Defendants and instead names as Defendants Mr. Rivello, Ms. Spyker, Ms. Yost, Ms. Loy, and Ms. Price, five staff members at SCI-Huntingdon.  (Doc. No. 19.)  Defendants moved to dismiss the amended complaint on October 25, 2021.  (Doc. No. 20.)  Although the motion is not yet ripe, the Court will perform its mandatory screening of Ali's amended complaint.  For the reasons set forth below, the Court will dismiss the amended complaint with prejudice and deny the motion to dismiss as moot.

**I.     BACKGROUND**

    **A.     Summary of Plaintiff's Complaint**

In his amended complaint, Ali alleges that there is insufficient ventilation in SCI-Huntingdon to prevent the spread of COVID-19.  (Doc. No. 19 at 2.)  He also alleges that staff

and inmates in the prison are not consistent in wearing masks and practicing social distancing to prevent the spread of the virus. (Id.) Staff in the prison are purportedly allowed to come to the prison without wearing proper masks and instead wear paper masks. (Id.)

Ali acknowledges that he has not been vaccinated against COVID-19 and alleges that he and other unvaccinated inmates were placed in a dormitory together on June 16, 2021. (Id.) He alleges that the inmates in this new dormitory were not wearing masks and were not practicing social distancing. (Id.) Ali also alleges that he and the other unvaccinated individuals are being "alienated from the general population" because they are not allowed to go to the main yard that has a running track and weightlifting equipment during outdoor recreation time. (Id.) Finally, he alleges that staff in the prison have made it publicly known which inmates are not vaccinated against COVID-19. (Id.) Ali raises a claim for violation of the Eighth Amendment based on the Defendants' alleged deliberate indifference to the risks posed by COVID-19. (Id. at 5.)

**B.      Summary of the Department of Corrections ("DOC")'s Response to COVID-19**

The DOC has provided publicly available information regarding its response to the COVID-19 pandemic.[1] See COVID-19 and the DOC, Department of Corrections, https://www.cor.pa.gov/Pages/COVID-19.aspx (last visited October 28, 2021). The DOC offers on-site vaccination against COVID-19 to all inmates and staff at every state correctional institution in Pennsylvania. See id. In-person visits were suspended entirely from March 13, 2020 to May 2021, and have only resumed at select facilities since then. See id. Visitors that are allowed in prisons are given temperature checks, screened for COVID-19, and required to wear masks. See id.

---

[1] The Court may take judicial notice of this information, as it is publicly available on a governmental website. See Vanderklok v. United States, 868 F.3d 189, 205 (3d Cir. 2017).

All inmates in the DOC system are screened for COVID-19 when they leave a DOC facility and when they return to the DOC facility.  See id.  The DOC has also designated the State Correctional Institution-Smithfield ("SCI-Smithfield") as a dedicated reception site for all incoming male inmates.  See id.  At SCI-Smithfield, the inmates are "screened, tested and monitored for COVID-19 before being sent through the system."  See id.  Any inmates with flu-like symptoms are not accepted into the system.  See id.  Inmates are provided disposable masks and are strongly encouraged to use them.  See id.  They are provided materials to clean their cells regularly.  See id.

The DOC has also implemented safety measures with regard to its staff.  All individual staff members entering a facility are screened for COVID-19, and any individual who is exhibiting a fever of at least 100 degrees or any signs of cold or flu is not allowed to enter the facility.  See id.  Masks are required for all staff members in DOC facilities.  See id.  Staff are also provided personal protective equipment, which is worn according to guidelines published by the Centers for Disease Control and Prevention ("CDC").  See id.

The DOC regularly holds town hall meetings with its inmates to review sanitation guidelines and COVID-19 protocols.  See id.  The DOC also makes soap, masks, towels, and anti-bacterial spray available throughout its facilities, and soap is provided to inmates free of charge.  (Id.)  Radios and other equipment in DOC facilities are cleaned throughout the day.  See id.

## II.   LEGAL STANDARDS

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  See 28 U.S.C. § 1915A(a).  If a complaint fails to state a claim upon

which relief may be granted, the Court must dismiss the complaint. See id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-cv-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged

4

– but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

### III.   DISCUSSION

#### A.   Ali's Complaint

In order to state an Eighth Amendment claim as to one's conditions of confinement, a plaintiff must allege that: "(1) he was incarcerated under conditions imposing a substantial risk

of serious harm, (2) the defendant-official was deliberately indifferent to that substantial risk to his health and safety, and (3) the defendant official's deliberate indifference caused him harm." See Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2015).  Conditions of confinement violate the Eighth Amendment if they "alone or in combination . . . deprive inmates of the minimal civilized measure of life's necessities."  See id. at 347.  Such necessities include "adequate food, clothing, shelter, and medical care."  See Farmer, 511 U.S. 825, 832 (1994).

      Ali's amended complaint fails to state a claim for violation of the Eighth Amendment.  As Ali readily acknowledges, he has refused to be vaccinated against COVID-19.  (Doc. No. 19 at 2.)  This dooms his Eighth Amendment claim.  Ali cannot refuse a vaccine that would largely ensure his protection from COVID-19 and then allege that prison officials are failing to ensure his protection from COVID-19.  See Fudge v. Finley, No. 1:21-cv-00386, 2021 WL 1992162, at *8 (M.D. Pa. Apr. 28, 2021) ("[I]t is noteworthy that Fudge has specifically declined to be vaccinated, a simple measure that could largely ensure his well-being during the current pandemic. . . . Simply put, Fudge cannot refuse medical care and then cite the lack of such care as an Eighth Amendment violation."), report and recommendation adopted, No. 1:21-cv-00386, 2021 WL 1978426, at *1 (M.D. Pa. May 18, 2021).

      Ali has also failed to allege facts suggesting that Defendants demonstrated deliberate indifference to the risk posed by COVID-19.  As noted supra, the DOC has adopted detailed preventative steps to mitigate the risk to inmates and staff and to control the spread of COVID-19 throughout the state correctional institutions.  The Court may take judicial notice of this information, as it is publicly available on a governmental website.  See Vanderklok, 868 F.3d at 205.  A review of these steps suggests that DOC officials, including Defendants, have not acted

unreasonably with respect to the threat posed by COVID-19 and instead have instituted measures to safeguard the entire inmate population, including Ali.

While the Court understands Ali's legitimate concerns regarding the COVID-19 pandemic, it agrees with the numerous decisions in this district that have concluded that similar allegations do not support a plausible inference that officials have demonstrated deliberate indifference to inmates' Eighth Amendment rights. See Wilkins v.Wolf, No. 1:20-CV-02450, 2021 WL 1578250, at *7 (M.D. Pa. Apr. 22, 2021) (concluding that complaint brought by another inmate in SCI-Huntingdon did not state an Eighth Amendment claim upon which relief could be granted with respect to DOC's response to COVID-19); Bevins v. Kauffman, No. 1:20-CV-02012, 2021 WL 322168, at *5 (M.D. Pa. Feb. 1, 2021) (concluding that complaint brought by SCI-Huntingdon inmate regarding prison's response to COVID-19 failed to state an Eighth Amendment claim upon which relief could be granted); see also, e.g., Simon v. Smith, No. 1:21-CV-00970, 2021 WL 2711548, at *7 (M.D. Pa. July 1, 2021); Allen v. Wetzel, No. 1:21-CV-00182, 2021 WL 2254997, at *7 (M.D. Pa. June 3, 2021); Christian v. Garman, No. 1:20-CV-01842, 2021 WL 1017251, at *7 (M.D. Pa. Mar. 17, 2021). From Ali's amended complaint, as pled, the Court "cannot conclude that, when faced with a perfect storm of a contagious virus and the space constraints inherent in a correctional facility, [Defendants] here acted unreasonably by 'doing their best.'" See Swain v. Junior, 961 F.3d 1276, 1289 (11th Cir. 2020). Accordingly the Court will dismiss Ali's amended complaint for failure to allege a claim for violation of the Eighth Amendment upon which relief may be granted.

    **B.    Leave to Amend**

Courts are cautioned that because of the applicable pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See

7

Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The federal rules allow for liberal amendment in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See id.  The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Here, Ali has already been given the opportunity to amend his complaint and has again failed to state a claim upon which relief may be granted.  Furthermore, the fact that he has not been vaccinated against COVID-19 is fatal to his Eighth Amendment claim.  Accordingly, the Court will deny further leave to amend as futile.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will dismiss the amended complaint (Doc. No. 19) with prejudice and deny the motion to dismiss (Doc. No. 20) as moot.  An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania